Our next argument this morning is Paulsen v. Abbott Laboratories. All right, we're ready now in Paulsen against Abbott Laboratories. Mr. Levin. Yes, sir. Please proceed, Mr. Levin. Mr. Levin, please proceed. Okay, I don't have to take it off. Mr. Levin, please present your argument. Okay, I have prepared a complete video display, but unfortunately, apparently we can't share the videos and all the other zoom trials that I've dealt with. We could share the videos or documents. Mr. Levin, you need to make an argument in this case. Yes, sir. Okay, first of all, I want to thank the judges and also the defense for allowing me to be virtually representing this case. And that's because I have a medical problem that I have to deal with. So thank you very much. Second of all, I want to discuss several significant problems associated with the order that we are appealing right now. Would you mind, Mr. Levin, would you mind, for my benefit at least, focusing on the timeliness of this action? Whether Ms. Paulsen, in fact, raised these points within either the statute of limitations or the statute of repose? Yes. In the correct state, you can talk about what state you think is right, too. Sure. In the Plaintiff's Consolidated Opposition to Defendant's Motions to Dismiss Pursuant to Rules 12b-5, 12b-6, and 9b, we, and it was filed on September 8, 2015. And she had her injections way back in 2004. So let's start with what state's statute of limitations applies for which claim. Okay. Under Georgia law, a cause of action will not accrue until the plaintiff discovers or in an exercise of reasonable diligence should have discovered not only that he has been injured, but also the injury may be caused by the defendant's conduct. So what about this litany of things that your opponent has put in the red brief indicating that Ms. Paulsen was well aware that the Lupron injections may have been causing her problems as early as 2005, 2004 to 2005? She suspected it, but she could get no experts to substantiate her suspicions. And also the Social Security denied her request for support because she couldn't prove that she had been injured by the Lupron until Dr. Hurd's report. But the law you were just quoting does not require proof beyond a reasonable doubt before you can file a tort action. It requires that you have, you understand that you're injured, you've drawn the connection between your injury and the potential defendant, and that's what makes the statute of limitations start running. You know, you have two years at that point to investigate further. Well, until the plaintiffs discovered in an exercise of reasonable diligence, and she reasonably, she did not have the capacity to file improper, and she couldn't get an attorney, and the Social Security Administration denied her. So nobody but Dr. Hurd gave her the positive proof that the Lupron injured her. And then the Social Security Administration gave her compensations. So she didn't have the capacity to prove enough to file a suit improper. Remind us when the Social Security Administration gave her its award of disability benefits. It was sometime after Dr. Hurd's report. Well, that's not helpful. Never mind, we can find it. I mean, because the basic problem is she knew a lot about this, and she files long after the two-year period established by Illinois forum law has passed. And she also, in terms of Georgia's statute of repose, files something like 11 years in the strict liability failure to warn claim after her first, well, after her last injection even. Actually, that's not even the statute, but she gets her Lupron injections in 2004. She doesn't file until May 11, so if you assume a statute of repose is substantive and it's Georgia law applying, she's still too late. Well, Illinois delayed discovery rule operates the same as that of Georgia. Not for a statute of repose. That's a different kind of statute. Well. I have all this on the slide. The. The. case that we are appealing was filed. As a. Let's see. As an extension of the original case that was filed by. It's a different case. She has her April 20, 2010 complaint, but that gets voluntarily dismissed. So for statute of limitations purposes, we look to the complaint that's now before us, which is May 2015. Well, anyway, May 2015. So. It. Yeah. Oh. Mr. Levin, I'm not sure what you're trying to find, but you have only two minutes left. So if there's more argument, you wish to present now is the time. Okay, I'll rest on my pleadings and I'll use the rest. Rest on your pleadings in a court of appeals. I have nothing more to present. Thank you very much. Miss Henning. Thank you. Morning, your honors. May it please the court briefly today, as as the panel has already pointed out today, the injections at issue in this case were in 2004. And despite 10 years of litigation, Miss Paulson still does not have a legally or factually valid claim. And the district court's judgment should be affirmed. I want to very briefly talk about the two key points that I think Judge Wood was raising the statute of repose and the statute of limitations. First of all, you were asking for documentation with dates on the Social Security. Yes. So the opinion we didn't put in our opinion, excuse me, appendix, because it's in a different docket and we weren't sure if that would be appropriate. But the docket number is cited in our brief with the opinion. And it does occur after April 2008. However, what you will see in our appendix, the very last page of the public one, is the appeal that she filed to get that opinion. It's a handwritten appeal and it is dated December of 2007. And it raises these arguments. So she was asking the Social Security Administration for disability based on these objections in December of 2007. Based on the loophole. Correct. Very explicitly. Even though the opinion did not issue until afterwards. And the opinion actually cites this Lupron claim that she raised in the appeal. So that's the first point. But even, as you noted, there are a litany of things in the brief. I went and counted. Eleven letters or forms to physician. One letter to TAP. All saying Lupron caused various adverse reactions. Told physicians on at least 13 occasions memorialized in medical records that we know about that she was suffering negative health effects involving Lupron. Requested private disability insurance coverage and submitted a letter from her doctor saying that Lupron might be the cause of some of the ailments that she was suffering. And then the Social Security successful claim that we just discussed. So there is no reasonable material issue of fact here for a jury to look at on the statute of limitations issue. And then this is the negligent misrepresentation claim we're talking about? Both of them. As opposed to the strict liability? Both. Both of them. Because they're both personal injury claims with a two-year statute of limitations. Okay. That are at best. Because that's all we have, right, at the moment. Correct. That's all that's left over. Strict liability for failure to warn and negligent misrepresentation. Correct. And I know that you have other arguments that Abbott wasn't making any representations until 2008 anyway. Correct. Yes. And on the statute of repose, it is a 10-year statute. So there was no claim to bring by the time Ms. Paulson refiled her claims in this case in 2015. The right case from the Georgia Supreme Court that we cite in our brief is very clear about that. Georgia is very serious about its statute of repose and says it actually dissolves any right you ever had after that period expires. So there literally was no claim to bring at that point. There are more substantive issues outlined in our brief that I'm happy to discuss if the court has other questions, but I believe the case can be resolved on one or either of those two things that we just discussed. So if the court has no further questions, we ask you to affirm the judgment of the district court. Thank you, Your Honors. Thank you, Ms. Henning. Anything further, Mr. Levin? Yes. Under Georgia law, a cause of action will not accrue until the plaintiff discovers or exercises reasonable diligence and should have discovered not only that he has been injured, but also the injury may have been caused by the defendant's conduct. There is just absolutely no way that Ms. Paulson could have gotten either Social Security or help from an attorney, but for Dr. Hurd's report. And so the first time Ms. Paulson had the capacity to file suit was after Dr. Hurd's report. All right. Thank you very much, Mr. Levin. The case is taken under advisement.